### COCKE v. PORT ISABEL–SAN BENITO NAV. DIST.
#### No. 8882.

Court of Civil Appeals of Texas. San Antonio.

Nov. 2, 1932.

Rehearing Denied Nov. 30, 1932.

Greenwood & Lewis, of Harlingen, for plaintiff in error.

Louthan & Bailey, of San Benito, for defendant in error.

SMITH, J.

Mrs. A. W. Cocke was the duly elected and qualified treasurer of Cameron county for the period beginning January 1, 1929, and ending January 5, 1931, and by virtue thereof was also the acting treasurer of the Port Isabel-San Benito navigation district in said county, in behalf of which she received and disbursed the sums of $4,951.33, $488,041.06, and $29,420 in the years 1929, 1930, and 1931, respectively.

It appears that she did not retain her compensation out of the district funds passing through her hands during her tenure, nor did she during that period demand or receive any compensation from the district for her services as district treasurer.

Shortly after going out of office, Mrs. Cocke "submitted a bill for her services as such treasurer, based on the drainage district's statute, namely, one-fourth of one per cent of the amount received and one-eighth of one per cent on the amount" disbursed by her, plus an undisputed item of $63.75, aggregating approximately $1,300.

The district rejected this demand, and a few days later its governing board passed an order fixing the compensation owing to Mrs. Cocke at one-twentieth of 1 per cent. of all moneys received and disbursed by her during her tenure of said office, then long since (five months) expired. The district computed the amount owing upon this basis, plus the item of $63.75, to be $306.72, which was thereupon tendered to and refused by Mrs. Cocke.

Subsequently Mrs. Cocke brought this action against the district to recover, specifically, the sums of $187.53, $2,000 and $735.-50, respectively, for the years 1929, 1930, and 1931, with interest. This claim was based upon the contention that she was entitled to 4½ per cent. of the combined receipts and disbursements in the year 1929; 2½ per cent. on incoming and 2½ per cent. on outgoing funds in 1930, subject to the statutory maximum salary of $2,000 allowable to her under the maximum fee bill; and 2½ per cent. on incoming and 2½ per cent. on outgoing funds for the year 1931.

The trial court held that the retroactive order of the district trustees, fixing Mrs. Cocke's compensation at one-twentieth of 1 per cent. on combined receipts and deposits, was valid and enforceable, and accordingly, upon that theory, rendered judgment awarding her recovery of $306.72, the sum tendered her by the district before suit was filed, and taxing the costs against Mrs. Cocke, who has appealed.

The general law providing for compensation of county treasurers is embraced in article 3941, R. S. 1925, which allows him a maximum of 2½ per cent. on all receipts and 2½ per cent. on all disbursements of moneys handled by him "for the county," except school funds. It is provided in article 3943 that the commissions allowed treasurers of counties in a specified class, which embraces Cameron, shall not exceed $2,000 annually. The funds mentioned in article 3941 obviously do not include funds of navigation districts, and it is probably true, although not necessary to decide here, that the limitation in article 3943 of the treasurers' commissions to $2,000 annually does not apply

to the commissions earned by him from navigation districts.

The appeal turns upon the right of the district governing board to arbitrarily fix the compensation to be paid Mrs. Cocke as district treasurer, after her term of office had terminated and the services had been fully performed.

It is provided in the Navigation Act (chapter 9, title 128, R. S. 1925) that "the County Treasurer of the county the commissioners court of which has jurisdiction shall be treasurer of said district." Article 8220.

It was provided in the Acts of 1909, c. 15, § 28 (article 5988, R. S. 1911), in fixing the compensation of the county treasurer for his services as ex officio district treasurer, that "the treasurer shall be allowed such compensation for his services as such treasurer as may be determined by said [Board of Navigation] commissioners, not exceeding the same per cent as is now allowed by the county for his services as county treasurer."

In 1917 (Laws 1917, c. 40, § 2) this provision was amended to read: "The County Treasurer shall be allowed such compensation for his services as Treasurer for such Navigation District as may be determined by said Navigation and Canal Commissioners not exceeding the same per cent as is now authorized by law for his services as County Treasurer."

By the Act of February 19, 1925 (General Laws, Reg. Sess. c. 5, § 33, p. 19) now article 8263, R. S. 1925, the provision was again amended to read: "The county treasurer shall be allowed such compensation for his services as treasurer of such navigation district as may be determined by said navigation and canal commissioners not exceeding the same per cent as is now authorized by law for his services as county treasurer."

By a later act of the same Legislature, approved March 24, 1925 (General Laws, c. 103, p. 280 [Rev. St. 1925, art. 8221]) the provision was still further amended to read: "The county treasurer shall receive such compensation for his services as shall be determined by said navigation and canal commissioners."

Oddly enough, indeed, the provision does not appear to have been tampered with by any subsequent Legislature.

It was provided by the Legislature in 1909, c. 15, § 2, that the duties and powers herein conferred upon the county, city, and other officers, are made a part of the legal duty of said officials, which they shall perform without additional compensation, unless otherwise provided herein.

█ This provision has survived through all the changes made in the Navigation Act, and is still the law. Article 8263, R. S. 1925. The Acts of February 19, 1925, and March 24, 1925, when construed together, as they must be, make no provision for compensation to the county treasurer for his services as ex officio district treasurer, except that he "shall receive such compensation for his services as shall be determined by said navigation and canal commissioners" (article 8221, as amended March 24, 1925), and, under the provisions of article 8263, quoted above, his compensation is restricted to that source.

█ It will be observed that, prior to the last amendment, in March, 1925, the Legislature placed a limitation upon the compensation to be paid the treasurer for services rendered the navigation district, by providing that the same should be fixed by the district commissioners at an amount not exceeding "the same per cent. as is now authorized by law," in one case, or "allowed by the county," in the other case, "for his services as county treasurer." But by the last amendment this limitation was removed, and the power of fixing such compensation was placed untrammeled in the board of commissioners. This is important as defeating appellant's contention that, in the presence of such limitation and the absence of an order of the commissioners fixing such compensation at the time of or prior to the performance of the services, the law will award the officer the maximum compensation computable under the statute, or, as is claimed in this case, 2½ per cent. each way of all funds passing through the hands of the treasurer.

██ We hold that by the Act of March 24, 1925 (Acts 1925, c. 103), the Legislature removed that limitation, and lodged in the navigation commissioners the whole power of fixing appellant's compensation. We conclude that it was immaterial that the commissioners did not exercise the power during appellant's incumbency; in short, that the power survived until it was exercised.

█ Appellant contends, and appellee does not in its brief notice the contention, that the judgment was inadequate even when tested by the award of compensation made by the district commissioners, of one-twentieth of 1 per cent. of all funds handled by appellant, and this contention appears to be supported by the record. The evidence shows, and the trial court found, that during the years 1929, 1930, and 1931, respectively, appellant received and disbursed for the district the sums of $4,951.33, $488,041.06 and $29,420, one-twentieth of 1 per cent. of which appears to be $261.20. To this amount should be added the undisputed item of $63.75, making a total of $324.95. The amount awarded appellant in the judgment was $306.72, which was the amount tendered appellant by the district prior to suit. Obviously, both the tender and award were inadequate, and it

devolves upon this court to render judgment for the correct amount.

Accordingly, the judgment will be reformed so as to award appellant recovery against appellee for the sum of $324.95, with interest thereon at the rate of 6 per cent. from the date of the judgment below, together with all costs in this and the trial court. As so reformed, the judgment will be affirmed.

Reformed and affirmed.